IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| ARLENE JOHNSON-BYRD, and<br>LOUIS BYRD,<br><br>      Plaintiffs,<br><br>v.<br><br>PENNYMAC LOAN SERVICES, LLC, and<br>DAS ACQUISITION COMPANY, LLC,<br><br>      Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No. 20-cv-00787-SRB |

**ORDER**

Before the Court is Plaintiff Arlene Johnson-Byrd and Louis Byrd's ("Plaintiffs") *pro se* Motion to Remand. (Doc. #14.) For the reasons set forth below, the motion is GRANTED. This case is hereby remanded to the Circuit Court of Jackson County, Missouri. The Clerk of the Court is directed to mail a certified copy of this Order to the Clerk of the Circuit Court of Jackson County, Missouri, as required by 28 U.S.C. § 1447(c).

**I. FACTUAL BACKGROUND**

Plaintiffs are a married couple and are both citizens of Missouri. Defendant DAS Acquisition Company, LLC ("DAS") and Defendant PennyMac Loan Services, LLC ("PennyMac") (collectively, the "Defendants") are mortgage companies engaged in discount loan acquisitions, loan servicing, and residential and commercial lending. DAS is a citizen of Missouri, and PennyMac is a citizen of Delaware and California.

On August 10, 2018, Plaintiffs entered into a rehabilitation loan agreement (the "Agreement") in which DAS agreed to lend Plaintiffs $165,295.00 for the purchase and renovation of a home in Kansas City, Missouri (the "Property"). The Agreement also included a borrower's acknowledgment ("Acknowledgment") and a Rehabilitation Loan Rider ("Rider").

Under the Agreement, DAS agreed to hold funds in the amount of $97,895.69 in a Rehabilitation Escrow Account ("Escrow") for costs needed to perform rehab work on the Property. The Agreement required DAS to release funds from Escrow to Plaintiffs and/or contractors performing the rehab work upon satisfactory completion of the work. The Agreement further provided that if the rehab work ceased for more than 30 consecutive days, DAS could deem the loan in default or use funds held in Escrow to have the work completed. On or about September 24, 2018, DAS transferred or sold the loan to PennyMac.

Plaintiffs allege that several contractors either failed to perform satisfactory work or did not finish the work they were hired to complete. Nonetheless, Defendants allegedly released funds to those contractors. In particular, PennyMac released funds from Escrow to contractor Integrated Renovations ("Integrated") even though Integrated's work was deficient. PennyMac then released funds from Escow to pay Bradford Interior Group ("Bradford") even though Bradford's work was deficient. On December 19, 2019, DAS approved a third contractor, DMA Construction ("DMA") to complete work on the Property. However, PennyMac refused to release funds from Escrow to pay DMA and DMA ceased all work.

On August 24, 2020, Plaintiffs filed this lawsuit against Defendants in the Circuit Court of Jackson County, Missouri. The Petition asserts five claims against both Defendants: Count I—Breach of Fiduciary Duty; Count II—Breach of Contract; Count III—Unjust Enrichment; Count IV—Tortious Interference; and Count V—Declaratory Judgment.

On October 2, 2020, DAS and PennyMac removed the case from state court to this Court on the basis of diversity jurisdiction. Although Plaintiffs and DAS are both citizens of Missouri, Defendants argue that DAS's citizenship should be disregarded under the fraudulent joinder

doctrine. Plaintiffs now move to remand for lack of diversity jurisdiction, and PennyMac filed an opposition brief.[1] The parties' arguments are addressed below.

## II. LEGAL STANDARD

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute[.]" *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). As relevant here, federal district courts have original diversity jurisdiction over cases (1) "between . . . citizens of different states" and (2) when "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs[.]" 28 U.S.C. § 1332(a)(1). "Diversity jurisdiction requires complete diversity, that is where no defendant holds citizenship in the same state where any plaintiff holds citizenship." *Hubbard v. Federated Mut. Ins. Co.*, 799 F.3d 1224, 1227 (8th Cir. 2015) (quotations omitted). If the requirements of diversity jurisdiction are satisfied, the defendants may remove a case filed in state court to federal court. 28 U.S.C. § 1441.

The fraudulent joinder doctrine is a temporary exception to the complete diversity requirement. This doctrine "allows a district court to assume jurisdiction over a facially nondiverse case temporarily and, if there is no reasonable basis for the imposition of liability under state law, dismiss the nondiverse party from the case and retain subject matter jurisdiction over the remaining claims." *Murphy v. Aurora Loan Servs., LLC*, 699 F.3d 1027, 1031 (8th Cir. 2012). In *Filla v. Norfolk S. Ry. Co.*, 336 F.3d 806 (8th Cir. 2003), the Eighth Circuit explained the standard for determining whether a party is fraudulently joined:

> Where applicable state precedent precludes the existence of a cause of action against a defendant, joinder is fraudulent. It is well established that if it is *clear* under governing state law that the complaint does not state a

---

[1] The deadline for DAS to file an opposition brief to the motion to remand was November 4, 2020, and no response has been filed.

> cause of action against the non-diverse defendant, the joinder is fraudulent
> and federal jurisdiction of the case should be retained. However, if there is
> a 'colorable' cause of action—that is, if the state law *might* impose liability
> on the resident defendant under the facts alleged—then there is no
> fraudulent joinder . . . joinder is fraudulent when there exists no reasonable
> basis in fact and law supporting a claim against the resident defendants.

*Id.* at 810 (citations, quotations, and alterations omitted) (emphasis in original). To prevail on a fraudulent joinder argument, a defendant must "do more than merely prove that the plaintiff's claim should be dismissed pursuant to a Rule 12(b)(6) motion." *Knudson v. Sys. Painters, Inc.*, 634 F.3d 968, 980 (8th Cir. 2011).[2]

A plaintiff may challenge the propriety of removal through a motion to remand. The removing party bears the burden of establishing federal jurisdiction. *Cent. Iowa Power Coop. v. Midwest Indep. Transmission Sys. Operator., Inc.*, 561 F.3d 904, 912 (8th Cir. 2009). When considering a motion to remand, the "district court is required to resolve all doubts about federal jurisdiction in favor of remand." *Transit Cas. Co. v. Certain Underwriters at Lloyd's of London*, 119 F.3d 619, 625 (8th Cir. 1997) (citation omitted).

### III. DISCUSSION

Here, Plaintiffs move to remand because complete diversity is lacking between them and DAS. Plaintiffs contend the fraudulent joinder doctrine does not apply because the Petition asserts viable claims against DAS. In response, PennyMac argues that Plaintiffs' allegations against DAS are conclusory and do not state a colorable claim for relief.[3] (Doc. #1, pp. 7-8; Doc. #20, pp. 10-11.) PennyMac also argues that DAS cannot be held liable for events occurring after DAS sold Plaintiffs' loan to PennyMac on September 24, 2018. (Doc. #20, p. 6.)

---

[2] DAS and PennyMac have filed motions to dismiss under Rule 12(b)(6). (Doc. #7, Doc. #9.) The Court has considered those arguments in resolving the pending motion to remand.

[3] PennyMac also argues that Plaintiffs' motion to remand relies on allegations and documents that are not part of the Petition. As set forth below, the Court's fraudulent joinder analysis focuses on the allegations in the Petition.

4

As stated above, Plaintiffs assert five claims against DAS, including breach of contract. A breach of contract claim has the following elements: "(1) the existence and terms of a contract; (2) that the plaintiff performed or tendered performance pursuant to the contract; (3) the defendant breached the contract; and (4) damages suffered by plaintiff." *Behrick v. Konert Farms Homeowners' Assoc.*, 601 S.W.3d 567, 575 (Mo. App. E.D. 2020). Because Plaintiffs are proceeding *pro se*, their Petition "must be liberally construed, and *pro se* litigants are held to a lesser pleading standard than other parties[.]" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 849 (8th Cir. 2014).

Upon review, the Court finds that the Petition states a colorable claim against DAS for breach of contract. Plaintiffs allege that "[i]mplied and/or express agreements existed between Plaintiffs and Defendants—namely, the aforementioned Agreement, Acknowledgement, and Rider." (Doc. #1-1, ¶ 109.) Plaintiffs further allege they performed all of their obligations, "namely, the condition precedent to make payments required under the mortgage, ensured work on rehabilitation starts in 30 days . . . and tendered [performance] to ensure all work was conducted in a workmanlike manner." (Doc. #1-1, ¶ 112.) Nonetheless, "work has still not been completed on the Property due to Defendants' failure to comply with the terms of the Agreement, Acknowledgement, [and] Rider." (Doc. #1-1, ¶¶ 90, 113.) Finally, Plaintiffs allege they have incurred not less than $195,295.00 in damages. (Doc. #1-1, ¶¶ 91, 114.) Liberally construed, these allegations state a colorable claim against DAS for breach of contract. *Behrick*, 601 S.W.3d at 575.[4]

---

[4] The parties' briefs primarily focus on whether Plaintiffs have stated a colorable claim for breach of fiduciary duty. However, because the breach of contract claim against DAS is colorable, the Court need not address Plaintiffs' other claims.

5

PennyMac's arguments, both in its Notice of Removal and in its opposition brief, contend that Plaintiffs' claims are not well-pled and appear to focus on whether Plaintiffs may ultimately prevail. The Court agrees that the *pro se* Petition lacks precision and could be more detailed. However, as discussed above, Plaintiffs have pled a colorable breach of contract claim. That is enough to survive the fraudulent joinder analysis.

PennyMac also argues that DAS cannot be held liable for events after it sold the loan to PennyMac in September 2018.[5] This argument also improperly focuses on whether Plaintiffs may ultimately prevail, not on whether the Petition states a colorable claim for relief. Moreover, the Petition alleges that DAS had continued involvement after the purported sale. Plaintiffs allege that in or around November 2019, they contacted DAS Vice President of Renovations, Amanda Card, and DAS Regional President, Sean Zalmanoff, to discuss a request for reimbursement. (Doc. #1-1, ¶ 82.) Mr. Zalmanoff advised that "DAS was no longer involved with the Agreement because DAS sold the loan to PennyMac, and Plaintiffs would need to comply with PennyMac." (Doc. #1-1, ¶ 82.) However, Plaintiffs allege that "[d]espite previously advising Plaintiffs that it was no longer involved with the Agreement, Plaintiffs were unable to proceed until DAS approved the next contractor." (Doc. #1-1, ¶ 83.) Plaintiffs allege that DAS subsequently approved a third contractor, DMA, on December 19, 2019. (Doc. #1-1, ¶ 84.)

Based on these and other allegations, Plaintiffs have adequately alleged that DAS's involvement in—and potential liability for—this dispute did not end once it sold Plaintiffs' loan to PennyMac. The Court similarly rejects Defendants' arguments that the *pro se* Petition

---

[5] DAS asserts similar arguments in its motion to dismiss. (Doc. #8, pp. 5-6, 8, 10-11.)

improperly combines allegations against both Defendants.  Because "state law *might* impose liability . . . under the facts alleged," DAS was not fraudulently joined.  *Filla*, 336 F.3d at 809.

## IV.  CONCLUSION

Accordingly, Plaintiffs' Motion to Remand (Doc. #14) is GRANTED.  This case is hereby remanded to the Circuit Court of Jackson County, Missouri.  All other pending motions are DENIED WITHOUT PREJUDICE, and are subject to refiling in state court upon remand.

The Clerk of Court is directed to mail a copy of this Order to both Plaintiffs at their last known address.

**IT IS SO ORDERED.**

/s/ Stephen R. Bough
STEPHEN R. BOUGH
Dated:  November 5, 2020            UNITED STATES DISTRICT JUDGE